[Docket No. 1-2]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ROBERT BLADES,

          Plaintiff,

   v.

COMMUNICATIONS TEST DESIGN, INC., *et al.*,

          Defendants.

Civil No. 25-2680 (RMB-MJS)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff Robert Blades. [Docket No. 1 ("Compl."); Docket No. 1-2 (IFP).] Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted.

I.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts federal jurisdiction under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Fair Labor Standards Act ("FLSA") for race-based retaliation and discrimination by his employer. The former two statutes—Sections 1981 and 1983—apply only to state actors (which Defendants are not), so those claims will be dismissed. The FLSA requires employers "to pay their employees at least a specified minimum hourly wage for work performed ... and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) (citing 29 U.S.C. §§ 206, 207). Plaintiff does not allege that Defendants failed to pay him the federal minimum wage or that they failed to pay him overtime compensation for hours worked in excess of forty hours per week. 29 U.S.C. § 216(b). Instead, he alleges that Defendants unlawfully modified and withheld his wage earnings based on his race. [Compl. ¶ 63.]

The FLSA has nothing to do with those allegations, so that claim will also be dismissed.[1]

Plaintiff also appears to assert various state claims under New Jersey's Law Against Discrimination and "New Jersey Wage Laws for Failure to Pay Wage Earned." With no other properly pleaded federal claims appearing on the face of the Plaintiff's Complaint and no other basis for this Court's original jurisdiction, the Court will decline to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction"). The Court finds no extraordinary circumstances warranting an exercise of supplemental jurisdiction over those claims. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (district court "must decline to decide [] pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").

---

[1] If Plaintiff meant to bring employment discrimination claims pursuant to Title VII of the Civil rights Act, 42 U.S.C. § 2000e *et seq*, he must first exhaust his administrative remedies before the Equal Employment Opportunity Commission ("EEOC") within 180 days of the last discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Powell v. Verizon New Jersey, Inc.*, 2022 WL 2187997, at *3 (D.N.J. June 17, 2022). If the EEOC decides not to pursue a charge of discrimination, it will notify the complainant, typically by means of a right-to-sue letter which "indicates that a complainant has exhausted [his] administrative remedies." *Id*. at *2. The right-to-sue letter is a "mandatory prerequisite to filing a Title VII suit in federal court." *Id*. at *3 (citing *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019)). Plaintiff has not provided evidence of any right-to-sue letter issued by the EEOC sufficient to bring federal civil rights claims at this time.

## III. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** his Complaint **WITHOUT PREJUDICE**. An appropriate Order shall issue.

**April 29, 2025**  
Date

s/**Renée Marie Bumb**  
RENÉE MARIE BUMB  
Chief United States District Judge